IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, : | |
| Plaintiff, : | |
| v. : | Case No. 2:07-mj-0006 |
| Amire Smith, : | MAGISTRATE JUDGE KEMP |
| Defendant. : | |

ORDER

The above defendant appeared before the Court for a hearing on the question of whether he violated the terms of his pretrial release and, if so, what action the Court should take in response.  Following the hearing, the Court revoked the order of pretrial release and detained the defendant pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

The defendant is currently facing firearms charges pending in the United States District Court for the Eastern District of New York.  He was released on an unsecured bond but, in the conditions of his pretrial release, was directed not to commit any new criminal offenses.

On December 20, 2006, a search warrant was executed at defendant's residence.  Substantial evidence of new criminal activity was uncovered at that time, including a loaded firearm, crack cocaine, digital scales, and equipment used to manufacture crack cocaine.  In an interview, the defendant, although initially denying ownership of these items, subsequently admitted that they were his and that he was involved in crack cocaine trafficking.  That evidence, and those admissions, form the basis of the United States' request to revoke the pretrial release

order which had allowed Mr. Smith to remain free pending resolution of his current criminal charges.

At the hearing, Officer Jerry Orick, a Columbus police officer assigned to an ATF task force, testified concerning the search warrant, the items uncovered, and the defendant's admission to being involved in the criminal activity.  The defendant did not present any countervailing evidence, and the Court concluded that the United States had shown probable cause to believe that the defendant had committed a new criminal offense (in fact, several new criminal offenses) and therefore violated the terms of his pretrial release order.

In determining an appropriate sanction, the Court is guided by the fact that the governing statute, 18 U.S.C. §3148(b), provides that there is a rebuttable presumption that a defendant is both a danger to the community and a risk of flight if he commits a new criminal offense while on pretrial release.  In this case, the new criminal offenses are substantial, involving both drug trafficking and the possession of a firearm.  If convicted of these offenses, the defendant would be facing a significant amount of time in jail.  The fact that he committed these offenses while on pretrial release from a weapons charge is also significant.  The Court was persuaded that he had not rebutted the presumption and that he is a danger to the community and is unlikely to abide by any other conditions of pretrial release which the Court could establish.  As a result, the pretrial release order is revoked and the defendant is committed to the custody of the United States Marshal pending further proceedings in the Eastern District of New York.  This order shall serve as authority for the Marshal to transport the defendant to that district.

/s/ Terence P. Kemp
United States Magistrate Judge